| | |
|---|---|
| 1 | Michael B. Garfinkel (SBN 156010) |
|   | mgarfinkel@perkinscoie.com |
| 2 | Charles H. Samel (SBN 182019) |
|   | csamel@perkinscoie.com |
| 3 | PERKINS COIE LLP |
|   | 1888 Century Park E., Suite 1700 |
| 4 | Los Angeles, CA 90067-1721 |
|   | Telephone: 310.788.9900 |
| 5 | Facsimile: 310.843.1284 |
| 6 | Jacqueline E. Young, State Bar No. 280374 |
|   | JYoung@perkinscoie.com |
| 7 | PERKINS COIE LLP |
|   | 505 Howard Street, Suite 1000 |
| 8 | San Francisco, CA 94105 |
|   | Telephone: 415.344.7000 |
| 9 | Facsimile: 415.344.7050 |
| 10 | Attorneys for Defendant |
|    | INTERNATIONAL CREATIVE |
| 11 | MANAGEMENT PARTNERS, LLC |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENHOFF ENTERPRISES, INC., a California corporation dba LENHOFF & LENHOFF, | Case No. 2:15-CV-01086-BRO (FFMx) |
| Plaintiff, | **DEFENDANT INTERNATIONAL CREATIVE MANAGEMENT PARTNERS, LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES;** |
| v. | |
| UNITED TALENT AGENCY, INC., a California corporation; INTERNATIONAL CREATIVE MANAGEMENT PARTNERS LLC, a Delaware limited liability company; and DOES 1 through 5, inclusive, | [Fed. R. Civ. P. 12(b)(6)] |
| | Date: December 21, 2015 |
| | Time: 1:30 p.m. |
| Defendants. | Place: Courtroom 14 |
| | Judge: Hon. Beverly Reid O'Connell |

# REQUEST FOR JUDICIAL NOTICE

Defendant International Creative Management Partners LLC ("ICM Partners") requests that the Court take judicial notice of the following document attached hereto:

1. Exhibit A is a true and correct copy of the Agreement Between Association of Talent Agents And Directors Guild of America, Inc. Of January 1, 1977 (As Restated January 1, 2004). Among other locations, this document is available at the following web address:

http://www.dga.org/~/media/Files/Forms/AgencyAgrmntWRiderD.ashx;_z=z

## GROUNDS FOR JUDICIAL NOTICE

Under the doctrine of incorporation by reference, in analyzing a motion to dismiss under Federal Rule of Civil Procedure 12, a court is not bound by or limited to the allegations of the complaint alone but may take into consideration any documents referenced or relied on in the complaint. *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (court may "consider documents that were not physically attached to the complaint" but that complaint "necessarily relies on"); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (same); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998) (superseded by statute on other grounds) (same). Thus, a court may consider any document that either (1) is referenced in the complaint, or (2) forms the basis of the plaintiff's claims. *Knievel*, 393 F.3d at 1076.

Courts need not accept as true any allegations in a complaint that are contradicted by matters subject to judicial notice or incorporated by reference. *See, e.g., Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (court "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint"). This rule is

1  necessary because "[w]ere courts to refrain from considering such documents,
2  complaints that quoted only selected and misleading portions of such documents
3  could not be dismissed under Rule 12(b)(6) even though they would be doomed to
4  failure." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *cf.*
5  *Parrino*, 146 F.3d at 705-06 (policy aimed at "[p]reventing plaintiffs from
6  surviving a Rule 12(b)(6) motion by deliberately omitting references to documents
7  upon which their claims are based").

8       Under these principles, the Court may properly consider the attached
9  Agreement Between Association of Talent Agents And Directors Guild of America,
10 Inc. Of January 1, 1977 (As Restated January 1, 2004) (the "ATA/DGA
11 Agreement") in connection with ICM Partners' Motion to Dismiss Second
12 Amended Complaint (the "Motion").

13      The Court previously dismissed Plaintiff's intentional interference with
14 contract claim, in part, because Plaintiff failed to allege "whether the contractual
15 relationships were at will or for a specified term."  Order Granting in Part and
16 Denying in Part Defendants' Motions to Dismiss, Dkt No. 28, at 9 ("Order").  In its
17 Second Amended Complaint, Plaintiff now attempts to resuscitate the claim by
18 alleging that the purported contract at issue was "not terminable at will" pursuant to
19 the terms of Rider "D" to the ATA/DGA Agreement.  Second Amended Complaint,
20 Dkt. No. 31, at ¶¶ 9, 128.  The terms of the ATA/DGA Agreement, and Rider "D"
21 thereto, are thus critical to the viability of Plaintiff's claim—and, likewise, to ICM
22 Partners' Motion.

23      Tellingly, despite Plaintiff's reliance on the ATA/DGA Agreement, Plaintiff
24 opted not to attach the ATA/DGA Agreement, or even Rider "D" alone, to its
25 pleading.  This makes sense because, as explained in detail in ICM Partners'
26 Motion, the plain language of ATA/DGA Agreement and Rider "D" contradicts
27 Plaintiff's assertions.  *See* Mot. at Section III.  By relying on but failing to attach
28 the ATA/DGA Agreement to its pleading, Plaintiff attempts to insulate itself from a

1  motion under Rule 12.  This is improper, and the Court need not accept Plaintiff's
2  pleading as is.  The Court may properly take judicial notice of and consider the
3  ATA/DGA Agreement and Rider D thereto because it is incorporated by reference
4  in the pleading.

## CONCLUSION

For the foregoing reasons, ICM Partners respectfully requests that the Court take judicial notice of the ATA/DGA Agreement, attached hereto as Exhibit A.

DATED:  November 9, 2015               **PERKINS COIE LLP**

                                       By: */s/ Michael Garfinkel*
                                           Michael B. Garfinkel

                                       Attorneys for Defendants
                                       INTERNATIONAL CREATIVE
                                       MANAGEMENT PARTNERS, LLC