LINK:66

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-01086-BRO (FFMx)** | Date | June 13, 2016 |
|---|---|---|---|
| Title | **LENHOFF ENTERPRISES, INC. V. UNITED TALENT AGENCY, INC. ET AL.** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [66]**

**I.    INTRODUCTION**

Currently pending before the Court is Plaintiff Lenhoff Enterprises, Inc.'s ("Plaintiff") Motion for Reconsideration. (Dkt. No. 66 (hereinafter, "Mot.").) Namely, Plaintiff invokes Central District Local Rule 7-18 and asks the Court to reconsider its Order granting Defendants International Creative Management Partners, LLC's ("ICM") and United Talent Agency, Inc.'s ("UTA") (collectively, "Defendants") Motions to Dismiss Plaintiff's Third Amended Complaint ("TAC") without leave to amend. (Mot. at 2; *see also* Dkt. No. 65.) After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the reasons explained below, the Court **DENIES** Plaintiff's Motion.

**II.   BACKGROUND**

This case is predicated on Plaintiff's allegations that Defendants, along with two other large talent agencies, William Morris Endeavor Entertainment ("WME") and Creative Artists Agency ("CAA"), conspired to create an oligopoly in the scripted television series market and that Defendants unlawfully poached two clients from Plaintiff, a boutique talent agency. Plaintiff initiated this action on February 13, 2015, filing its Original Complaint but never serving it on Defendants. (Dkt. No. 3.) Instead, Plaintiff filed its First Amended Complaint ("FAC") on June 15, 2015, (Dkt. No. 8), and served it on UTA and ICM on June 16 and June 17, respectively, (Dkt. Nos. 12, 13).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-01086-BRO (FFMx) | Date | June 13, 2016 |
|---|---|---|---|
| Title | LENHOFF ENTERPRISES, INC. V. UNITED TALENT AGENCY, INC. ET AL. | | |

    Defendants subsequently filed separate Motions to Dismiss on August 10, 2015, seeking to dismiss all of the claims in Plaintiff's FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. Nos. 16, 18, 21.) On September 18, 2015, the Court granted, in part, and denied, in part, Defendants' Motions. (Dkt. No. 28.) Namely, the Court dismissed Plaintiff's claim under § 2 of the Sherman Act without prejudice. (*Id.* at 7.) The Court did not address the merits of the Sherman Act claim, instead concluding that Plaintiff failed to allege any facts indicating that a conspiracy existed to create a monopoly in a single entity, as required under § 2. (*Id.* at 6–7.) The Court also dismissed Plaintiff's intentional interference with contract and intentional interference with prospective economic damage claims without prejudice. (*Id.* at 9–10.) Finally, the Court dismissed Plaintiff's claims for declaratory and injunctive relief with prejudice, (*id.* at 11–12), but denied the Motions as to Plaintiff's claim that Defendants violated California's Unfair Competition Law ("UCL"), (*id.* at 8).

    On October 12, 2015, Plaintiff filed its Second Amended Complaint ("SAC"), alleging: (1) a § 1 Sherman Act claim; (2) a violation of California's UCL; (3) an intentional interference with contract claim; and, (4) an intentional interference with prospective economic advantage claim. (Dkt. No. 31.) Defendants subsequently filed separate Motions to Dismiss the SAC on November 9, 2015. (Dkt. Nos. 34, 36.) The Court granted both Motions in their entirety without prejudice. (Dkt. No. 43.)

    Plaintiff filed its TAC on January 22, 2016, alleging the same causes of action as its SAC. (Dkt. No. 49.) On February 12, 2016, Defendants moved to dismiss the TAC pursuant to Rule 12(b)(6). (Dkt. Nos. 50, 52.) On April 20, 2016, the Court granted Defendants' Motions with prejudice as to Plaintiff's Sherman Act § 1 claim, UCL claim, intentional inference with prospective economic advantage claim, and intentional interference with contract claim as to Client #1. (Dkt. No. 65 (hereinafter, "Order") at 21.) Although the Court granted Defendants' Motions without prejudice as to Plaintiff's intentional interference with contract claim with regard to Client #2, the Court declined to exercise supplemental jurisdiction over that claim given that the sole federal cause of action had "dropped out of the lawsuit . . . and only [a] state-law claim[] remain[ed]." (Order at 21–22 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).)

    Plaintiff filed the instant Motion on May 2, 2016, asking the Court to reconsider its decision to deny leave to amend and either (1) issue "an order permitting Plaintiff the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-01086-BRO (FFMx) | Date | June 13, 2016 |
|---|---|---|---|
| Title | LENHOFF ENTERPRISES, INC. V. UNITED TALENT AGENCY, INC. ET AL. | | |

right to subpoena and depose Sam Haskell, who is the former worldwide head of William Morris TV packaging," or, alternatively, (2) permit Plaintiff to file a Fourth Amended Complaint.  (Dkt. No. 66 (hereinafter, "Mot.") at 2.)  Defendants filed separate Oppositions on May 23, 2016.  (Dkt. No. 70; Dkt. No. 71 (hereinafter, "ICM Opp'n").)  Plaintiff's Reply was due no later than May 30, 2016.  To date, however, Plaintiff has not replied to Defendants' Oppositions.

### III.    LEGAL STANDARD

A final order may be reconsidered "under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)."  *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  If the motion is filed within twenty-eight days of entry of judgment, it is treated as a Rule 59(e) motion.  *See Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) (referring to a previous version of Rule 59(e) requiring the motion to be filed within ten days of judgment instead of twenty-eight); Fed. R. Civ. P. 59(e) (requiring a motion to alter or amend a judgment to be filed within twenty-eight days after entry of judgment); *see also* Fed. R. Civ. P. 59 advisory committee's notes to 2009 Amendments.  Otherwise, the motion is treated as a Rule 60(b) motion.  *Am. Ironworks & Erectors*, 248 F.3d at 899.

Under Rule 59(e), reconsideration is appropriate if (1) the court "is presented with newly discovered evidence," (2) the court "committed clear error or the initial decision was manifestly unjust," or (3) "there is an intervening change in controlling law."  *Sch. Dist. No. 1J*, 5 F.3d at 1263.  Other highly unusual circumstances may also warrant reconsideration under the rule.  *Id.*  Rule 60(b) sets forth the following grounds for relief from a final judgment: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial"; (3) fraud; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) "any other reason that justifies relief."  Fed. R. Civ. P. 60(b); *see also Am. Ironworks & Erectors*, 248 F.3d at 899.

The Central District's Local Rules further limit the grounds for reconsideration.  Under Local Rule 7-18, a party may seek reconsideration only upon a showing of one of the following: (a) "a material difference in fact or law" from that initially presented to the court, which the party could not have known by exercising reasonable diligence; (b) "the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-01086-BRO (FFMx) | Date | June 13, 2016 |
|---|---|---|---|
| Title | LENHOFF ENTERPRISES, INC. V. UNITED TALENT AGENCY, INC. ET AL. | | |

emergence of new material facts or a change of law" after the court's order; or, (c) "a manifest showing of a failure to consider material facts presented to the Court." C.D. Cal. L.R. 7-18. Local rules have the force and effect of law so long as they are not inconsistent with a statute or the Federal Rules. *See Atchison, Topeka & Santa Fe R.R. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998). A court should not depart from the local rules unless the effect on the parties' rights would be "so slight and unimportant that the sensible treatment is to overlook it." *Prof'l Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994).

## IV. DISCUSSION

As discussed above, Plaintiff asks the Court to reconsider its decision to deny leave amend Plaintiff's TAC and seeks an order either granting Plaintiff the right to subpoena and depose Sam Haskell, or, in the alternative, granting Plaintiff leave to file a Fourth Amended Complaint. (Mot. at 2, 5.) According to Plaintiff, Charles Lenhoff, the principal of Plaintiff Lenhoff Enterprises, Inc., "had a conversation with Sam Haskell" on January 28, 2016, which was six days after Plaintiff filed its TAC, (Mot. at 3), approximately six weeks before Plaintiff filed its Oppositions to Defendants' Motions to Dismiss the TAC, (*see* Dkt. Nos. 56, 57), and almost three months before the Court issued its Order dismissing Plaintiff's TAC, (*see generally* Order).

Plaintiff claims that, during the conversation, "Mr. Haskell shared with Mr. Lenhoff significant information concerning the split of packaging fees for Scripted TV in the 1990s." (Mot. at 3–4; *see also* Decl. of Charles Lenhoff ("Lenhoff Decl.") ¶ 4.) More specifically, "Mr. Haskell told Mr. Lenhoff that 'split packaging' started back in 1995/1996 when the studios/distributors were trying to eliminate packaging fees altogether." (Mot. at 4; *see also* Lenhoff Decl. ¶ 4.) Mr. Haskell also allegedly told Mr. Lenhoff that, "at that time, William Morris TV[] enjoyed the best packaging definition in the industry, which was five [percent] (5%) of the gross versus the other large agencies, which was either 2.5% of the gross or 3% of the adjusted gross." (Mot. at 4; *see also* Lenhoff Decl. ¶ 5.) Although Mr. Haskell was "unwilling to tell Mr. Lenhoff in that conversation which studio/network executives were pushing to eliminate packaging fees," he allegedly informed Mr. Lenhoff that William Morris TV agreed to lower its rate to match the packaging fees of "CAA, ICM, Endeavor and Paradigm." (Mot. at 4; *see also* Lenhoff Decl. ¶¶ 6–7.) Plaintiff claims that, after this conversation, Mr. Lenhoff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-01086-BRO (FFMx) | Date | June 13, 2016 |
|---|---|---|---|
| Title | LENHOFF ENTERPRISES, INC. V. UNITED TALENT AGENCY, INC. ET AL. | | |

attempted to reach Mr. Haskell to confirm the information and ask Mr. Haskell to provide a sworn statement. (Mot. at 4; *see also* Lenhoff Decl. ¶ 8.) Mr. Lenhoff's attempts were unsuccessful. (*Id.*)

In light of this information, Plaintiff argues that the Court should reconsider its Order pursuant to Local Rule 7-18(b), because, until Plaintiff can obtain a sworn statement from Mr. Haskell regarding the allegedly anti-competitive conduct described above, the information does not constitute "facts" according to Local Rule 7-18. (Mot. at 5.) In other words, although Plaintiff impliedly concedes it has been aware of this information since January 28, 2016, it contends that these "material" facts will not "emerge" for purposes of Local Rule 7-18 until Plaintiff is able to depose Mr. Haskell. The Court is unpersuaded by Plaintiff's argument.

As discussed above, Local Rule 7-18(a) provides that a Motion for Reconsideration may be made on the ground that there is a material difference in fact or law from that presented to the Court before its decision that in the exercise of reasonable diligence could have have been known to the party moving for reconsideration at the time of such decision. C.D. Cal. L.R. 7-18(a). Local Rule 7-18(b) states that an order may be reconsidered on the ground that a new material fact has emerged or a change of law has occurred since the time of the Court's decision. C.D. Cal. L.R. 7-18(b).

Despite its arguments to the contrary, Plaintiff can invoke neither of these grounds here. Even assuming the materiality of the facts giving rise to this Motion, by Plaintiff's own concession, it has been aware of the purportedly "new" information since January 28, 2016. (*See* Lenhoff Decl. ¶ 3.) Given that the information was actually known to Plaintiff almost three months before the Court issued its Order, Plaintiff cannot argue based on Local Rule 7-18(a) that in the exercise of reasonable diligence the information could not have been known prior to the Court's decision. For the same reason, Plaintiff cannot reasonably contend that Local Rule 7-18(b) supports its Motion, as the facts emerged before, not after, the Court issued its Order.

Moreover, the Court is unpersuaded by Plaintiff's implied argument that its inability to obtain the information "on record" excuses its failure to inform the Court of these facts in a timely manner. (*See* Mot. at 4.) Although this information emerged six days after Plaintiff filed its TAC, over six weeks passed from January 28, 2016 until the date Plaintiff filed its Oppositions to Defendants' Motions. Thus, Plaintiff had ample

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-01086-BRO (FFMx) | Date | June 13, 2016 |
|---|---|---|---|
| Title | LENHOFF ENTERPRISES, INC. V. UNITED TALENT AGENCY, INC. ET AL. | | |

time to include the information in its Oppositions.[1]  Yet Plaintiff failed to do so and now untimely discloses these facts in its Motion for Reconsideration.

Given that Plaintiff was aware of the facts giving rise to the instant Motion six weeks before it filed its Oppositions to Defendants' Motions to Dismiss and almost three months before the Court issued its Order, the Court concludes that reconsideration is not warranted pursuant to Local Rule 7-18(a) or 7-18(b).[2]  Accordingly, the Court **DENIES** Plaintiff's Motion.

### V.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration.  The hearing scheduled for June 13, 2016, is hereby **VACATED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |

---

[1] The Court is mindful that in determining whether to grant a Rule 12(b)(6) Motion, a court may not consider new facts stated for the first time in a plaintiff's opposition.  *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).  However, a court may consider those facts in deciding whether to grant leave to amend.  *Id.*  As Defendant ICM points out, Plaintiff was aware of its ability to raise previously unpled facts to avoid a dismissal with prejudice, as it did so in its Oppositions to Defendants' Motions to Dismiss Plaintiff's TAC.  (ICM Opp'n at 6; *see also* Dkt. Nos. 56, 57.)  Despite allegedly possessing the information six weeks prior to filing its Oppositions, and even though Plaintiff proffered other facts in seeking leave to amend, Plaintiff chose not to disclose Mr. Lenhoff's conversation with Mr. Haskell in its Oppositions.  (*See* Dkt. Nos. 56, 57.)  As such, Plaintiff cannot properly invoke Local Rule 7-18 to reopen this action based on facts Plaintiff failed to divulge in a timely manner.

[2] Plaintiff does not invoke Local Rule 7-18(c) in seeking reconsideration.